IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ESTATE OF JOHN HENRY ALVIN, ANDREA ALVIN, ANDREA MAE ALVIN, <br><br>Plaintiffs, <br><br>vs. <br><br>DANIEL I HERMAN, <br><br>Defendant, | 2:22-CV-00372-MJH |

OPINION AND ORDER

Plaintiffs, Estate of John Henry Alvin, Andrea Alvin, as Administrator of Estate of John Henry Alvin, and Andrea Mae Alvin, individually, bring the within action against Defendant, Daniel I. Herman, for Declaratory Judgment, Conversion, and Replevin arising out the possession of artwork created by John Henry Alvin. Mr. Herman moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(7), and 19. The matter is now ripe for consideration.

Following consideration of Plaintiffs' Third Amended Complaint (ECF No. 78), Mr. Herman's Motion to Dismiss (ECF No. 82), the respective briefs (ECF Nos. 83 and 86), and for the following reasons, Mr. Herman's Motion to Dismiss will be denied.

I.  Background

Plaintiffs allege that, prior to his death, John Alvin was one of the world's foremost movie concept artists. (ECF No. 78 at ¶ 8). In 1982, Warner Brothers allegedly contracted with Intralink Film Graphic Design to provide it with promotional artwork for the film, Blade Runner. *Id*. at ¶ 10. Intralink allegedly hired Mr. Alvin, as a freelancer, to produce Blade Runner artwork including a movie poster ("Artwork"). *Id*. at ¶ 11.

Plaintiffs aver that, under Intralink's artwork ownership policy, the studio, here Warner Brothers, receives all rights to images and reproductions of artwork produced for a movie, but the artist retains ownership of the artwork itself. *Id*. at ¶ 14. Plaintiffs further allege that, because Intralink retained Mr. Alvin as a freelancer and because Warner Brothers did not employ Mr. Alvin directly, the Artwork was not considered a work for hire or collective work under federal copyright law. *Id*. at ¶¶ 16-19. Accordingly, Plaintiffs aver that Warner Brothers acquired no ownership rights in the Artwork and that Mr. Alvin retained all ownership rights in the Artwork he created for the Blade Runner campaign. *Id*. at ¶¶ 20-21. Plaintiffs allege that Warner Brothers, in keeping with standard practice in the industry, would return the Artwork to Intralink, who would then return it to Mr. Alvin. *Id*. at ¶ 23. However, Plaintiffs acknowledge that sometimes, because of the informal nature of the arrangements, Mr. Alvin's artwork may not have been returned to Intralink, or he may have lost track as to what had and had not been returned to him. *Id*. at ¶¶ 24-25.

After Mr. Alvin's death in 2008, Ms. Alvin allegedly has been searching for artwork that studios had never returned. *Id*. at ¶ 27. On September 1, 2021, a friend notified Ms. Alvin that Mr. Alvin's Artwork was posted in an online auction wherein the description stated that the consignor had obtained it from a Warner Brothers employee. *Id*. at ¶ 28. Ms. Alvin learned that Mr. Herman was the consignor and that he obtained the Artwork from Mitch Itkowitz, and that Mr. Itkowitz had told Mr. Herman that he had obtained the Artwork from a Warner Brothers employee. *Id*. at ¶ 31. Plaintiffs aver that Mr. Herman cannot establish the provenance of the Artwork or show that he is its rightful owner. *Id*. at ¶ 35. Further, they allege that Mr. Herman knew or should have known John Alvin, not Warner Brothers, maintained ownership rights to the Artwork and that Mr. Herman had illegitimately come into its possession. *Id*. at ¶¶ 36-38.

In his Motion to Dismiss, Mr. Herman argues that Plaintiffs' Third Amended Complaint should be dismissed for lack of standing, for lack of ownership interest in the Artwork, for failure to state a claim for replevin, and for failure to state a claim for conversion. Mr. Herman also seeks dismissal on that basis that Intralink and Warner Brothers are indispensable parties.

II. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A. Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d

Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

    B. Discussion

        1. Standing

Mr. Herman contends that Plaintiffs lack standing "by their own failure to adequately and properly administer the estate of John Henry Alvin." Mr. Herman argues that Andrea Alvin, as administrator of the Estate, neglected her fiduciary duties by failing to inquire into the location of John Alvin's artwork before the estate was informally closed. Therefore, Mr. Herman asserts that Plaintiffs have no authority to file the within action. Plaintiffs maintain that Ms. Alvin is not required to prove, at the pleading stage, that she fulfilled her fiduciary duties to the Estate. Plaintiffs contend that the question of whether Ms. Alvin negligently marshalled all the assets of the Estate may be appropriate to consider after discovery at the summary judgment or trial stage.

4

The parties offer little, if any, legal authority that would guide the Court on the question of Plaintiffs' standing to bring this lawsuit on behalf of the Estate of John Henry Alvin. The central questions in this litigation will be guided by whether or not the Estate owns the Artwork. The authority to pursue said action may still lie with the Estate, its representatives, and/or Ms. Alvin. The Court has no basis, at this stage of the litigation, to determine that Plaintiffs do not have standing in the instant matter. Otherwise, Plaintiffs have sufficiently alleged their standing in this lawsuit. Should the record develop to the contrary, Mr. Herman can raise the matter at a later time.

Accordingly, Mr. Herman's Motion to Dismiss, as regards standing, will be denied.

2. Ownership Interest

Mr. Herman next contends that Mr. Alvin had no ownership interest in the Artwork because he made it as part of a "work-for-hire" job for Intralink. Mr. Herman maintains that, because it was a "work-for- hire" job, under federal copyright law, the Artwork was not owned by Mr. Alvin. Mr. Herman argues that Mr. Alvin worked for Intralink; he was not working as a freelance artist for the project; and thus, to determine ownership, for purposes of copyright law analysis, focus is upon the Warner Brothers/Intralink relationship.

Plaintiffs contend that Mr. Herman, without facts from the Third Amended Complaint to support his assertion, recharacterizes the relationship between Mr. Alvin and Intralink. Further, they maintain that Plaintiffs are not required at this stage to "prove[] that John did the work at issue as a freelance artist." Thus, Plaintiffs argue the Motion to Dismiss must be denied.

Pursuant to Copyright law, an author may be divested of his ownership rights if the work is a "work made for hire." Under the Copyright Act, a "work made for hire" is—

(1) a work prepared by an employee within the scope of his or her employment;

5

>    or
>
> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, **if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire**. For the purpose of the foregoing sentence, a "supplementary work" is a work prepared for publication as a secondary adjunct to a work by another author for the purpose of introducing, concluding, illustrating, explaining, revising, commenting upon, or assisting in the use of the other work, such as forewords, afterwords, pictorial illustrations, maps, charts, tables, editorial notes, musical arrangements, answer material for tests, bibliographies, appendixes, and indexes, and an "instructional text" is a literary, pictorial, or graphic work prepared for publication and with the purpose of use in systematic instructional activities.

17 U.S.C. § 101(22) (emphasis added).

Here, the "work for hire" issue will best be resolved following discovery. Presently, the Court's inquiry is limited to the allegations in the Third Amended Complaint. Plaintiffs have pleaded that Mr. Alvin was a freelance artist and not employed by Warner Brothers or by Intralink. Thus, the Third Amended Complaint adequately pleads that Mr. Alvin was not an employee, which is sufficient, at the pleading stage, for Plaintiffs to plead that the Artwork does not meet the "work-for-hire" definition under 17 U.S.C. § 101(22)(1). Plaintiffs have also alleged that the Artwork cannot be considered a "work-for-hire" under 17 U.S.C. § 101(22)(2) because Mr. Alvin did not enter into a written agreement with Warner Brothers or Intralink to create the Artwork as a work for hire and the Artwork was not part of a collective work. Again, such factual allegations, regarding the absence of a written agreement, are sufficient at this stage.

Accordingly, Mr. Herman's Motion to Dismiss, as regards ownership interest, will be denied.

        3.        Replevin and Conversion

Mr. Herman next contends that Plaintiffs have failed to state claims for both replevin and conversion. His arguments, under both claims, rest on the same principles above, namely that Plaintiffs do not possess an ownership interest in the Artwork. He further offers alternative arguments as to how the Artwork came out of Warner Brothers' possession.

Plaintiffs again maintain that, at this stage, they have adequately pleaded an ownership claim, and they need additional discovery to establish the path by which the Artwork came into Mr. Herman's possession.

To plead a replevin claim under Pennsylvania law, a plaintiff must aver that (1) the property constituted a property interest subject to replevin, and (2) he had title and exclusive right to possess the property. *Peruto v. Roc Nation*, 386 F.Supp.3d 471, 475 (E.D. Pa. 2019). For a conversion claim under Pennsylvania law, a plaintiff must plead "the deprivation of another's right of property in, or use or possession of, a chattel or other interference therewith, without the owner's consent and without lawful justification." *Houser v. Feldman*, 2022 WL 1265818, at *11 (E.D. Pa. Apr. 28, 2022).

Here, as analyzed above, Plaintiffs have sufficiently averred that Warner Brothers has no ownership rights in the Artwork and that Mr. Alvin retained all ownership rights in the Artwork he created for the Blade Runner campaign. Mr. Herman's challenges to this assertion are best made following discovery. Therefore, Plaintiffs have adequately pleaded the ownership components of their replevin and conversion claims.

Accordingly, Mr. Herman's Motion to Dismiss, as regards Plaintiffs' replevin and conversion claims, will be denied.

    III.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)

A. Standard of Review

Rule 12(b)(7) provides that a complaint should be dismissed for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). A court reviewing a Rule 12(b)(7) motion must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009). The moving party bears the burden to show that there is a required party as defined by Rule 19(a). *Pittsburgh Logistics Sys.*, 669 F. Supp. 2d at 618.

B. Discussion

Mr. Herman argues that Plaintiffs' Third Amended Complaint raises the existence of indispensable parties[1] because the issue of ownership cannot be practically or appropriately litigated without Intralink and/or Warner Brothers as parties. Plaintiffs contend that Mr. Herman's arguments are made without reliance on sufficient facts or supporting law.

To be necessary under Rule 19(a), "the court must determine if the prevailing party would receive 'hollow' relief if the party at issue were absent in the litigation." *Alulis v. Container Store, Inc.*, No. 19-2564, 2020 WL 2556946, at *5 (E.D. Pa. May 20, 2020) (quoting *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996)). Further, under Rule 19(a)(1)(B)(i) "the court must decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 316 (3d Cir. 2007). Finally, under Rule 19(a)(1)(B)(ii), a party is necessary "if its absence would leave another party 'subject to a substantial risk of incurring double, multiple, or otherwise

---

[1] The term "indispensable party" has been abandoned under the Federal Rules of Civil Procedure in favor of the term "required" or "necessary" party. Fed. R. Civ. P. 19.

inconsistent obligations by reason of the claimed interest.' " *Alulis*, 2020 WL 2556946, at *5 (quoting Fed. R. Civ. P. 19(a)(1)(B)(ii), and citing *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, Known as The Sindia*, 895 F.2d 116, 122 (3d Cir. 1990)).

Here, Mr. Herman's arguments, that Intralink or Warner Brothers are required parties under Rule 19, are without merit. Absent from Mr. Herman's contentions and the Third Amended Complaint are any allegations that either Warner Brothers or Intralink has claimed an interest in the Artwork. Further, Plaintiffs' alleged ownership interest, which will be critical to their replevin and conversion claims, can be independently discerned without any additional party. Otherwise, Warner Brothers' or Intralink's involvement will be limited to discovery. Thus, neither are required parties under Rule 19.

Accordingly, Mr. Herman's Motion to Dismiss, as regards failure to join a party, will be denied.

## ORDER

Following consideration of Plaintiffs' Third Amended Complaint (ECF No. 78), Mr. Herman's Motion to Dismiss (ECF No. 82), the respective briefs (ECF Nos. 83 and 86), and for the reasons stated in this Court's Opinion, Mr. Herman's Motion to Dismiss is denied.

Mr. Herman shall file his Answer on or before July 13, 2022.

DATED this 29th day of June, 2022.

BY THE COURT:

Marilyn J. Horan
United States District Judge