IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ESTATE OF JOHN HENRY ALVIN, ANDREA ALVIN, ANDREA MAE ALVIN, <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>DANIEL I HERMAN, <br><br>　　　　Defendant, <br><br>　　vs. <br><br>HAROLD SLAGG, <br><br>　　　　Third Party Defendant. | 2:22-CV-00372-MJH |

OPINION

Plaintiffs, Estate of John Henry Alvin, Andrea Alvin, as Administrator of Estate of John Henry Alvin, and Andrea Mae Alvin, individually, bring the within action against Defendant, Daniel I. Herman, for Declaratory Judgment, Conversion, and Replevin, arising out the possession/ownership of artwork created by John Henry Alvin. (ECF No. 78). Mr. Herman subsequently filed an Amended Third Party Complaint against Third Party Defendant, Harold Slagg, seeking a declaratory judgment that Mr. Slagg had good and clear title to the subject artwork when he sold it to Mr. Herman. (ECF No. 113). Mr. Slagg moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). The matter is now ripe for consideration.

Following consideration of Mr. Herman's Amended Third Party Complaint (ECF No. 113), Mr. Slagg's Motion to Dismiss (ECF No. 115), the respective briefs and responses (ECF Nos. 116, 117, and 118), the relevant pleadings, and for the following reasons, Mr. Slagg's

Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), will be granted. Mr. Herman's Amended Third Party Complaint will be dismissed, without prejudice. Mr. Slagg's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), will be dismissed as moot.

I.  Background

A.  Plaintiffs' Allegations

Plaintiffs allege that, prior to his death, John Alvin was one of the world's foremost movie concept artists. (ECF No. 78 at ¶ 8). In 1982, Warner Brothers allegedly contracted with Intralink Film Graphic Design to provide it with promotional artwork for the film, *Blade Runner*. *Id*. at ¶ 10. Intralink allegedly hired Mr. Alvin, as a freelancer, to produce *Blade Runner* artwork including a movie poster ("Artwork"). *Id*. at ¶ 11.

Plaintiffs aver that, under Intralink's artwork ownership policy, the studio, here Warner Brothers, received all rights to images and reproductions of artwork produced for a movie, while the artist retained ownership of the artwork itself. *Id*. at ¶ 14. Plaintiffs further allege that, because Intralink retained Mr. Alvin as a freelancer and because Warner Brothers did not employ Mr. Alvin directly, the Artwork was not considered a "work for hire" or "collective work" under federal copyright law. *Id*. at ¶¶ 16-19. Accordingly, Plaintiffs aver that Warner Brothers acquired no ownership rights in the Artwork and that Mr. Alvin retained all ownership rights in the Artwork he created for the *Blade Runner* campaign. *Id*. at ¶¶ 20-21. Plaintiffs allege that, in keeping with standard practice in the industry, Warner Brothers was to return the Artwork to Intralink, who would then return it to Mr. Alvin. *Id*. at ¶ 23. However, Plaintiffs acknowledge that sometimes, because of the informal nature of the arrangements, Mr. Alvin's artwork may not have been returned to Intralink, or he may have lost track as to what had and had not been returned to him. *Id*. at ¶¶ 24-25.

After Mr. Alvin's death in 2008, Ms. Alvin allegedly has been searching for artwork that studios had never returned. *Id*. at ¶ 27. On September 1, 2021, a friend notified Ms. Alvin that Mr. Alvin's Artwork was posted in an online auction, wherein the description stated that the consignor had obtained it from a Warner Brothers employee. *Id*. at ¶ 28. Ms. Alvin learned that Mr. Herman was the consignor and that he obtained the Artwork from Mitch Itkowitz, and that Mr. Itkowitz had told Mr. Herman that he had obtained the Artwork from a Warner Brothers employee. *Id*. at ¶ 31. Plaintiffs aver that Mr. Herman cannot establish the provenance of the Artwork or show that he is its rightful owner. *Id*. at ¶ 35. Further, they allege that Mr. Herman knew or should have known that John Alvin, and not Warner Brothers, maintained ownership rights to the Artwork and that Mr. Herman had illegitimately come into its possession. *Id*. at ¶¶ 36-38.

B.  Mr. Herman's Allegations

Mr. Herman alleges that Mr. Slagg, a resident of Los Angeles, California, was a party to a business transaction regarding the subject Artwork. (ECF No. 113 at ¶ 2).   In 2013, Mr. Slagg allegedly contracted with Mitch Itkowitz, an art dealer, to act on Mr. Slagg's behalf to sell various pieces of artwork. *Id*. at ¶¶ 6, 8. Mr. Herman avers that Mr. Slagg hired Mr. Itkowitz to find a buyer for the *Blade Runner* artwork. *Id*. at ¶ 11. Mr. Itkowitz allegedly contacted Mr. Herman in New Castle, Pennsylvania offering to sell the Artwork. *Id*. at ¶¶ 12-13. Mr. Herman alleges that he paid for the artwork and that said Artwork remained in Mr. Slagg's ownership and possession until Mr. Herman took possession in 2014. *Id*. at ¶¶ 14-16.

C.     Mr. Slagg's Declaration Regarding Personal Jurisdiction

In support of his arguments relative to personal jurisdiction, Mr. Slagg declared, in relevant part as follows:

3

1. I am a resident and domiciliary of the state of California.

2. I have never been to Pennsylvania.

3. I have never had any business dealings with any person or entity in Pennsylvania.

4. Prior to this litigation, I had never been involved in any legal matter before any tribunal situate in the Commonwealth of Pennsylvania.

5. I have never owned any real property in Pennsylvania.

6. I have never spoken to or corresponded with the Defendant, Daniel I. Herman.

7. I have never entered into any agreement or had any dealings with the Defendant, Daniel I. Herman.

(ECF No. 115-2).

In his Motion to Dismiss, Mr. Slagg argues that 1) pursuant to Fed. R. Civ. P. 12(b)(2), this Court lacks personal jurisdiction over him; or in the alternative 2) pursuant to Fed. R. Civ. P. 12(b)(6), Mr. Herman's Third Party Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

   II.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)

      A.   Relevant Standard

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to challenge a Court's exercise of personal jurisdiction. "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102* (3d Cir. 2009) (citing G*en. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). To meet its burden, Plaintiff must establish "[a] nexus between the defendant, the forum and the litigation." *Deutz* AG, 270 F.3d at 150. Plaintiff must demonstrate by a preponderance of the evidence that personal jurisdiction

exists. *Heinrich v. Serv. Corp. Int'l*, 2009 WL 2177229 at *1 (W.D. pa. July 22, 2009). "[I]n reviewing a motion to dismiss under Rule 12(b)(2) [the court] 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Pinker v. Roche Holdings*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992)). Plaintiff need only to establish a prima facie case for personal jurisdiction over the defendant to overcome a 12(b)(2) motion. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). A resolution of factual issues may be required to establish personal jurisdiction under a 12(b)(2) motion and thus a party may introduce extrinsic evidence beyond the pleadings to do so. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club*, 735 F.2d at 67 n. 9).

B. Discussion

The Supreme Court recognizes two types of personal jurisdiction: (i) general (or "all-purpose") and (ii) specific (or "case-linked"). *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779– 80 (2017). An exercise of general jurisdiction over a defendant would require "continuous and systematic Pennsylvania contacts." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d 6 Cir. 2007) (internal quotations omitted). The parties do not argue, and Mr. Herman does not claim that Mr. Slagg is subject to general jurisdiction. Indeed, the pleadings and undisputed declarations establish that Mr. Slagg has been a resident of California at all relevant times, has never visited Pennsylvania, and otherwise has no continuous and systematic

5

contacts with Pennsylvania. Therefore, Mr. Slagg, lacks the requisite Pennsylvania contacts with Pennsylvania that would allow this Court to exercise general jurisdiction.

Turning to specific jurisdiction, Mr. Slagg argues that this Court cannot maintain personal jurisdiction because he has not directed any activity to Pennsylvania, had no direct communication with Mr. Herman, and that the exercise of personal jurisdiction in Pennsylvania would not otherwise comport with traditional notions of fair play and substantial justice.

Mr. Herman contends that Mr. Slagg, through his agent, Mr. Itkowitz, solicited the sale of the artwork to a resident of Pennsylvania after an email and numerous phone calls. Further, Mr. Herman maintains that he paid Mr. Slagg $30,000 for the artwork's purchase. Therefore, Mr. Herman argues these facts are sufficient to confer specific jurisdiction.

The test for specific jurisdiction calls for a three-part analysis. "First, the defendant must have 'purposefully directed [its] activities' at the forum." *Id*. at 317. "Second, the litigation must 'arise out of or relate to' at least one of those activities." *Id*. "And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id*.

This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts or of the "unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985) (citations omitted). Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State. *Id*. Thus where the defendant "deliberately" has engaged in significant activities within a State or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and

because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well. *Id*.

In examining the principles in *Burger King*, the Third Circuit has held that, single transactions, "appear to be the kind of 'fortuitous,' 'random,' and 'attenuated' contacts that the Supreme Court has held insufficient to warrant the exercise of jurisdiction." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454–55 (3d Cir. 2003). Further, the Third Circuit held that, "telephone communication or mail sent by a defendant does not trigger personal jurisdiction if they 'do not show purposeful availment.'" *Id*. (citations omitted). In addition, the court in *Barrett v. Catacombs Press*, 44 F.Supp.2d 717, (E.D. Pa. 1999) found that the exchange of three emails between the plaintiff and defendant did not "amount to the level of purposeful targeting required under the minimum contacts analysis." *Id*. at 729; see also *Machulsky v. Hall*, 210 F.Supp.2d 531, 542 (D.N.J.2002) (minimal email correspondence, "by itself or even in conjunction with a single purchase, does not constitute sufficient minimum contacts.").

Here, even if the Court would assume that Mr. Itkowitz was Mr. Slagg's agent, the actions by Mr. Itkowitz would not confer specific jurisdiction on this Court. Mr. Herman's declaration makes clear that he had a long-standing relationship of thirty-five years with Mr. Itkowitz wherein Mr. Herman was known as someone who collects artworks including original movie poster art. In offering the *Blade Runner* artwork to Mr. Herman, there exists no evidence that either Mr. Itkowitz or Mr. Slagg sought to avail themselves, by directing their activities specifically to Pennsylvania, to Pennsylvania as the forum state. Under the facts alleged, Mr. Herman's presence in Pennsylvania is best categorized as 'fortuitous,' 'random,' and 'attenuated." Mr. Itkowitz contacted Mr. Herman for this transaction, not because of his

7

presence in Pennsylvania, but because of Mr. Herman's reputation as a party interested in a piece like the *Blade Runner* artwork. At most Mr. Itkowitz, allegedly on behalf of Mr. Slagg, engaged in minimal communications through email and telephone that otherwise fail the well-established minimum contacts test and supporting case law. The single transaction between Mr. Slagg and Mr. Herman, without more, simply does not satisfy the requirements for specific jurisdiction. The pleadings and declarations do not demonstrate sufficient deliberate actions directed to Pennsylvania. Therefore, Pennsylvania is not the proper forum to confer specific jurisdiction upon Mr. Slagg.

Accordingly, Mr. Slagg's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), will be granted. Mr. Herman's Amended Third Party Complaint will be dismissed, without prejudice.

III. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Because this Court has determined that it has no personal jurisdiction over Mr. Slagg, his Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), will be dismissed as moot.

IV. Conclusion

After consideration of Mr. Herman's Third Party Amended Complaint (ECF No. 113), Mr. Slagg's Motion to Dismiss (ECF No. 115), the respective briefs and responses (ECF Nos. 116, 117, and 118), the relevant pleadings, and for the following reasons, Mr. Slagg's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), will be granted. Mr. Herman's Amended Third Party Complaint will be dismissed without prejudice. Mr. Slagg's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), will be dismissed as moot.

A separate order will follow.

DATED this 15th day of May, 2023.

                                    BY THE COURT:

                                    _____
                                    Marilyn J. Horan
                                    United States District Judge